IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ZAREEN JAMAL ISHAQ, AYESHA ISHAQ, and ISHAQ HUSSAIN CHISHTI, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-06-1903 |
| DEPARTMENT OF HOMELAND SECURITY, *et al.*, | § § § § | |
| Defendants. | § § | |

**MEMORANDUM AND ORDER**

Plaintiffs, Zareen Jamal Ishaq, Ayesha Ishaq, and Ishaq Hussain Chishti, ask this court for the following relief: (1) vacate the decision of the United States Citizenship and Immigration Services denying the requests by Zareen Ishaq and her daughter, Ayesha Ishaq, to adjust their immigration status from "out of status nonimmigrant visitor violators" to "lawful permanent residents" and order the USCIS to approve the adjustment of status applications; and (2) enjoin the removal of Ishaw Hussain Chishti, the spouse of Zareen Ishaq, who was seeking to adjust his status from nonimmigrant visitor violator to lawful permanent resident if and when his spouse was granted lawful permanent resident status. The plaintiffs also challenge the constitutionality of 8 C.F.R. § 213a.2(c)(2)(i). The defendant has moved to dismiss for lack of subject matter jurisdiction.

Zareen Ishaq and her daughter, Ayesha Ishaq, based their request for adjustment on an approved visa petition filed by Zareen Ishaq's brother, who is a United States citizen. The brother, however, has refused to complete an affidavit of support on behalf of his sister and niece and has instead stated that he is not taking any responsibility for their financial support. In May 2006, the defendant denied requests to reopen the denials of the adjustment applications and in July 2006, Zareen Ishaq and Ayesha Ishaq were placed into removal proceedings. Their requests to adjust status may be renewed in the immigration court, where they have an appearance scheduled for September 2006. Ishaq Hussain Chishti is also in removal proceedings and is scheduled to appear in immigration court in December 2006.

Adjustments of status are governed by 8 U.S.C. § 1255, which provides that such adjustments are discretionary and subject to regulations prescribed by the Attorney General. According to Section 106 of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005), codified at 8 U.S.C. § 1252(a), lawsuits seeking judicial review of discretionary decisions such as denials of requests to adjust status are subject to the following jurisdictional provision:

> (2) Matters not subject to judicial review.
>
> \* \* \*
>
> (B) Denials of discretionary relief.  Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review –

>(i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255, or
>
>(ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this title to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a).

8 U.S.C. § 1252(a)(2)(B).

The regulations governing the affidavit of support under 8 U.S.C. § 1183a do not present an issue for review. The regulation regarding affidavits of support was effective July 21, 2006. *See* 71 FR 35732 (Wed. June 21, 2006). The denials of adjustment of status regulations are within the discretion provided to the Secretary of Homeland Security under 8 U.S.C. § 1255. The decisions to deny adjustment of status was within the Secretary's decision. Under § 1252(a)(2)(B), this court lacks subject matter jurisdiction to review those decisions.

Because the plaintiffs are in removal proceedings, the immigration court has exclusive jurisdiction to review adjustment applications, including issues relating to the affidavit of support. *See* 8 C.F.R. § 1245.2(a)(1)(i) ("[I]n the case of any alien who has been placed in deportation proceedings or removal proceedings [other than an arriving alien], the immigration judge hearing the proceeding has exclusive jurisdiction to adjudicate any application for adjustment of status the alien may file."); 8 C.F.R. § 1240.11(a)(2), as amended effective July 21, 2006: "In a relevant case, the immigration judge may adjudicate

the sufficiency of an Affidavit of Support Under Section 213A (Form I-864), executed on behalf of an applicant for admission or for adjustment of status, in accordance with the provisions of section 213A of the Act and 8 CFR part 213a." Review of that court's decisions lies with the Board of Immigration Appeals, and then with the United States Court of Appeals for the Fifth Circuit.  8 U.S.C. § 1252(a)(5).  This court lacks subject matter jurisdiction to provide the review or the relief that plaintiffs seek.

SIGNED on August 31, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge